**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

EVERGREEN FARMS & PRODUCE,
LLC,

     Plaintiff,

v.                                                          Case No:  5:15-cv-178-Oc-30PRL

ALADDIN FARMS, INC.,

     Defendant.

_____/

## ORDER OF DEFAULT FINAL JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff Evergreen Farms & Produce, LLC's ("Evergreen Farms") Motion for Default Judgment Against Defendant Aladdin Farms, Inc. ("Aladdin Farms") (Doc. 19).  The Court, having reviewed the motion and Evergreen Farm's complaint, and being otherwise fully advised in the premises, concludes that the motion should be granted.

### BACKGROUND[1]

Evergreen Farms engages in the business of growing and selling perishable agricultural commodities.  Aladdin Farms purchases wholesale quantities of produce and is a licensed dealer under the Perishable Agricultural Commodities Act ("PACA"), 7

---

[1]Because Aladdin Farms did not respond to Evergreen Farm's amended complaint, the following facts from Evergreen Farm's amended complaint are accepted as admitted by Aladdin Farms.  *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."  (internal quotation marks omitted)).

U.S.C. § 499a *et seq.* During July and August 2013, Evergreen Farms sold and delivered to Aladdin Farms wholesale quantities of produce for a total amount of $56,304, which Aladdin Farms accepted. Despite Evergreen Farm's demand for payment, Aladdin Farms has yet to pay Evergreen Farms for this produce.

Evergreen Farms initially commenced this action against Archie J. Sagers, Jr. and Aladdin Farms asserting claims for violation of PACA and breach of contract. (Doc. 1). Mr. Sagers and Aladdin Farms requested an extension of time to respond to Evergreen Farm's complaint, which the Court granted. (Docs. 6, 7). Evergreen Farms thereafter voluntarily dismissed its claims against Mr. Sagers and filed an amended complaint asserting claims against Aladdin Farms only. (Docs. 8, 9).

On June 1, 2015, counsel for Aladdin Farms moved to withdraw as counsel of record. (Doc. 10). The Court permitted counsel to withdraw, but directed Aladdin Farms to obtain new counsel on or before July 2, 2015. (Doc. 12). The Court warned Aladdin Farms that failure to comply with the order could result in sanctions, including entry of default and default judgment. (*Id.*). As of July 28, 2015, no counsel had appeared on behalf of Aladdin Farms and it had not otherwise attempted to comply with the Court's order.

As a result, Magistrate Judge Philip R. Lammens issued an order to show cause, directing Aladdin Farms to show cause as to why entry of default should not be entered against it. (Doc. 15). Aladdin Farms did not respond to the order to show cause. Consequently, Evergreen Farms moved for entry of default, which Magistrate Judge Lammens granted due to Aladdin Farm's failure to answer or otherwise defend itself in the

action and its failure to comply with the Court's orders.  (Doc. 17).  A clerk's entry of default was entered against Aladdin Farms on August 14, 2015.  (Doc. 18).  Evergreen Farms now seeks default final judgment against Aladdin Farms.  (Doc. 19).

In support of its motion, Evergreen Farms attached the affidavit of Kenneth R. Davis, Sr., who is charged with monitoring and collecting Evergreen Farm's accounts receivable.  Mr. Davis avers that Evergreen Farms sold and shipped perishable agricultural commodities to Aladdin Farms in the total amount of $56,304, which Aladdin Farms accepted without objection.  (Doc. 19, Ex. A).  Attached to Mr. Davis's affidavit are copies of invoices and load sheets reflecting that Aladdin Farms currently has an outstanding balance of $56,304.  Evergreen Farms also seeks to recover costs in the amount of $624.65, constituting $400 for the filing fee, $200 for service of process, and $24.65 for courier costs.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55, a two-part process exists for obtaining a default judgment.  First, the party must obtain an entry of default from the clerk of court.  Fed. R. Civ. P. 55(a).  Second, "the party must apply to the court for default judgment."  Fed. R. Civ. P. 55(b).  Although "a default is not treated as an absolute confession by the defendant of his [or her] liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (internal quotation marks omitted).  Thus, the court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive

3

cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* Additionally, before entering a default judgment, a court has "an obligation to assure there is a legitimate basis for any damage award it enters." *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007).

Upon review of the pleadings, the Court is satisfied that the factual allegations of Evergreen Farm's complaint are well-pleaded and state a basis for relief. The Court also concludes that Evergreen Farms has presented a legitimate basis for the damages it seeks. Thus, under Federal Rule of Civil Procedure 55(b), the Court agrees that Evergreen Farms is entitled to default final judgment and damages in the amount of $56,304. The Court also concludes that Evergreen Farms is entitled to recover costs. However, because courier fees are not recoverable under 28 U.S.C. § 1920, Evergreen Farms is only entitled to recover costs in the amount of $600 reflecting the costs for the filing fee and service of process.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.  Plaintiff Evergreen Farms & Produce, LLC's Motion for Default Judgment Against Defendant Aladdin Farms, LLC (Doc. 19) is GRANTED.

2.  The Clerk is directed to enter Default Final Judgment in favor of Plaintiff Evergreen Farms & Produce, Inc. and against Defendant Aladdin Farms, Inc. in the total amount of $56,904, constituting $600 in costs and $56,304 in damages. Plaintiff is entitled to recover prejudgment interest through the date of this judgment at the federal statutory

rate set forth in 28 U.S.C. § 1961(a).[2]   These amounts shall also accrue postjudgment interest at the federal statutory rate set forth in § 1961(a).

3.  The Clerk is directed to close this case and terminate any pending motions as moot.

4.  For all which let execution issue.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of September, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[2]*See Spring Valley Produce, Inc. v. Stea Bros., Inc.*, No. 15-193, 2015 WL 2365573, at *3 (E.D. Penn. May 18, 2015) (awarding prejudgment interest under PACA because it was "appropriate to effectuate [PACA's] statutory purpose").